UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW JOSEPH WEST, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-190-HAB-SLC |
| SEAN MARTIN, et al., | |
| Defendants. | |

OPINION AND ORDER

Andrew Joseph West, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983.[1] (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] After filing his original complaint, Mr. West mailed the clerk certain additional pages of documents with which he appeared to be trying to supplement or amend his complaint. (ECF 4, 5.) He was told he could not amend his complaint in this piecemeal fashion, and instead the court set a deadline of June 20, 2023, for him to file an amended complaint that was a complete document. (ECF 7.) He was cautioned that if he did not file an amended complaint by the deadline, the case would proceed to screening on his original complaint. (*Id.*) The deadline has passed and he did not file an amended complaint.

Because Mr. West is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. West is being detained at the Whitley County Jail pending trial. He states that in May 2023, Officer Lance Gaerte opened his "legal mail" in his presence and then copied it, gave Mr. West the copies, and put the originals back in the envelope. He claims the mail was from the clerk in *West v. Reagle, et al.*, 1:23-CV-177-HAB-SLC (N.D. Ind. filed Apr. 27, 2023) (the "#177 case"), another civil rights lawsuit he filed in this District. The following day, he was looking at the mail more closely and noticed that Officer Gaerte had made an error when copying it. Specifically, he claims the mail was double-sided and that Officer Gaerte mistakenly copied only the front of each page.

Mr. West claims he "immediately pushed the emergency button" to let the on-duty officers know he had only received a partial copy of his mail. He also filed a grievance and was told by Sergeant Cameron Shepherd that he "spoke with Officer Gaerte about this for the future." (ECF 1-1 at 1.) Mr. West was dissatisfied with this response and filed an appeal to Jail Commander Sean Martin. He claims Commander Martin was "disrespectful" to him in responding to his grievance appeal, telling him, "I'm not worried about your lawsuit and I'm still waiting on your last lawsuit where you got your ass whipped in this jail." (ECF 1 at 3.) Based on these events, he sues Commander Martin, Sergeant Shepherd, and Officer Gaerte seeking various forms of relief.

Inmates have a First Amendment right to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is entitled to greater protection, but this a

2

term of art referring only to mail to or from the inmate's legal counsel. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). Legal mail cannot be opened outside the inmate's presence so as to protect his privileged communications with his attorney, but it must be marked with an attorney's name and contain a warning on the envelope that it contains legal mail. *Id.*

Here, Mr. West does not allege that jail staff opened mail to or from his attorney outside his presence. Rather, he alleges that jail staff opened a document mailed to him by the clerk of court pertaining to a federal civil rights lawsuit he filed. This is not considered "legal mail." *Id.* An inmate's non-legal mail can be opened and inspected for contraband even outside of his presence without violating the First Amendment. *See Kaufman*, 419 F.3d at 686; *Rowe*, 196 F.3d at 782. It is evident from Mr. West's allegations that jail staff took the additional step of inspecting the non-legal mail in front of him. At most, his allegations suggest Officer Gaerte made a mistake in copying the mail, which Sergeant Shepherd spoke to him about to prevent problems in the future. This type of isolated, minor disruption to his mail does not allege a viable constitutional claim. *Rowe*, 196 F.3d at 782. To the extent he is claiming Officer Gaerte or Sergeant Shepherd violated prison policy in connection with the handling of his mail, this cannot form the basis for a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

Although unclear, he may also be alleging a claim for unlawful retaliation. To allege a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in

3

activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). Filing a grievance or lawsuit qualifies as "protected activity" for purposes of a First Amendment claim. *Holleman v. Zatecky*, 951 F.3d 873, 879 (7th Cir. 2020).

The court will presume that Mr. West's filing of the #177 case constituted protected activity. However, he has not satisfied the second and third prongs. The court cannot plausibly infer that receiving an incomplete copy of one piece of mail is the type of deprivation that would "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). There is also insufficient factual content to plausibly link Officer Gaerte's copying mistake to the prior lawsuit. Officer Gaerte is not a defendant in the prior suit, and there is nothing within Mr. West's allegations to suggest he was trying to punish him for the earlier suit by miscopying his mail.[2] He may be claiming that Commander Martin retaliated against him for his earlier suit, but there is no factual content to link Commander Martin to the initial copying mistake made by Officer Gaerte. Additionally, his allegation that

---

[2] The other lawsuit does not pertain to the conditions at the Whitley County Jail. Rather, Mr. West is suing an Indiana Department of Correction official, a prosecutor, and others based on a criminal charge pending against him for failing to register as a sex offender. *West*, 1:23-CV-177-HAB-SLC, ECF 1. The case has not yet been screened, nor has any defendant been served.

4

Commander Martin spoke rudely to him does not give rise to a constitutional claim. *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).

He may also be claiming a violation of his Fourteenth Amendment due process rights. "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* "[N]egligent conduct does not offend the Due Process Clause." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). Thus, allegations of negligence, even gross negligence, do not suffice. *Id.*

There is insufficient factual content from which the court could plausibly infer that Mr. West's mail was miscopied in order to punish him. Instead, his allegations suggest negligence by Officer Gaerte, which cannot form the basis for a Fourteenth Amendment claim. *Id.* Additionally, inspecting a piece of incoming mail for contraband or other security threat cannot be considered arbitrary or purposeless in the correctional setting. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and

to maintain institutional security."); *see also Koutnik v. Brown*, 456 F.3d 777, 784 (7th Cir. 2006) ("security" and "order" are legitimate justifications for examining inmates' mail). He has not alleged a plausible due process claim.

Given that the mail at issue pertained to a lawsuit, he may be claiming a denial of his right of access to the courts. Inmates are entitled to meaningful access to the courts under the Fourteenth Amendment, but there is no "abstract, freestanding right" to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, an access-to-the-courts claim hinges on whether there was prejudice to a non-frivolous legal claim. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) ("[O]nly if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed."). Thus, to state a claim, the inmate is required to "spell out" in at least minimal detail the connection between the defendant's conduct and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Mr. West does not describe any prejudice he suffered in the #177 case as a result of the copying mishap. That case is still in the preliminary stages, and the only order that has been issued was an order granting him leave to proceed in forma pauperis.[3] *West*, 1:23-CV-177-HAB-SLC, ECF 3. The order was only one page long, however, and so it does not appear to be the document he claims was missing pages. Instead, he appears to be referring to the file-stamped copy of his complaint that the clerk sent him as a courtesy. *Id.*, ECF 1. The court cannot plausibly infer that Mr. West suffered

---

[3] The court is permitted to take judicial notice of public court documents at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

prejudice to a potentially meritorious legal claim because he was temporarily without a complete copy of his own filing. He has not alleged a plausible claim for denial of access to the courts.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **August 10, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 21, 2023.    s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT