UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW JOSEPH WEST, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-190-HAB-SLC |
| SEAN MARTIN, et al., | |
| Defendants. | |

OPINION AND ORDER

Andrew Joseph West, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 11.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. West is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court screened Mr. West's original complaint and determined that it was subject to dismissal under 28 U.S.C. § 1915A. (ECF 8.) He was afforded an opportunity

to amend his complaint before the case was dismissed, and he responded with the present pleading.

Mr. West is a pretrial detainee at the Whitley County Jail. His amended complaint is somewhat difficult to follow in places, but it can be discerned that in March 2023, he and two other inmates were charged with battery after a fight at the jail. A fourth inmate, Bailey Schaefer, allegedly agreed to cooperate with the prosecution as a "state's witness." After being charged, Mr. West was sent to the segregation unit. A few days later, Mr. Schaefer committed a disciplinary infraction and was also sent to segregation. Officer Lance Gaerte put Mr. Schaefer in a cell with Mr. West. Mr. West complained about this housing assignment, and Jail Commander Sean Martin allegedly told him that he would be permitted to change cells. However, no change was made. After a few days, Mr. West confronted Mr. Schaefer about being a witness for the prosecution in the battery case. Mr. Schaefer denied this and said that when he was interrogated by investigators, he told them he did not see anything. Mr. Schaefer reported that Commander Martin, who was apparently present during the interrogation, told him, "We will just charge you alongside of them and let the court figure it out."

Mr. West continued to express a "dislike" of his cell assignment to Commander Martin and Sergeant Cameron Shepherd. After he made a few complaints, Commander Martin allegedly told a subordinate officer to tell Mr. West that if he asked about moving again he would "stay in segregation indefinitely." A few weeks later, Mr. Schaefer was released from segregation. Mr. West does not allege that any physical

2

altercation occurred while they were housed together but claims the environment was "hostile."

He further claims that in May 2023, Officer Lance Gaerte opened and copied "legal mail" he received in another lawsuit he filed in this District. *See West v. Reagle, et al.*, 1:23-CV-177-HAB-SLC (N.D. Ind. filed Apr. 27, 2023). He claims that the mail was double-sided and Officer Gaerte mistakenly copied only the front of each page. After he noticed the error, he pressed the intercom in his cell and informed the officer what had happened. A non-party officer arrived a short time later and asked him what mail he was missing. Mr. West explained and the officer told him he would go get the mail and "bring it right back." Mr. West was dissatisfied with this suggestion because he did not want his mail "handled" in any way outside of his presence. He asked the officer to take him to the mailroom to get the mail himself, but the officer told him he did not have time to do so.

Later that day, Mr. West saw Officer Gaerte and told him about the copying mistake. Officer Gaerte responded that he had "already been made aware" of the issue and had "corrected" it. Mr. West appears to have received the copies a short time later, but he was upset that Officer Gaerte put them in the "general mail" rather than treating them as "legal" mail. He filed a grievance and got a response from Sergeant Shepherd. He was dissatisfied with the response, because he claims Sergeant Shepherd accused him of saying "things I did not say." He then filed a grievance about Sergeant Shepherd's grievance response. Although the new grievance was directed to Commander Martin, he claims Sergeant Shepherd "intercepted it" and came to speak

3

with him about it, telling him, "West, step to the hall so we can address this grievance about me." He claims Sergeant Shepherd told him he was "not worried about my bullshit and that he was still waiting on the lawsuit from the last time I had my ass whipped in this jail." Mr. West understood Sergeant Shepherd to be "letting me know he's looking for" another lawsuit or grievance and would "make my time hard when it comes." Based on these events, he sues Commander Martin, Sergeant Shepherd, and Officer Gaerte.

Inmates have a First Amendment right to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is entitled to greater protection, but this a term of art referring only to mail to or from the inmate's legal counsel. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). This type of mail cannot be opened outside the inmate's presence so as to protect his privileged communications with his attorney, but it must be marked with an attorney's name and contain a warning on the envelope that it contains legal mail. *Id.* Mr. West does not allege that jail staff opened mail to or from his attorney outside his presence. Rather, he alleges that jail staff opened a court order or public filing from a pending civil rights lawsuit.[1] This is not considered "legal mail." *Id.* An inmate's non-legal mail can be opened and inspected for contraband even outside of his presence without violating the First Amendment. *Id.*; *Rowe*, 196 F.3d at 782. At most, his allegations suggest that Officer Gaerte made a

---

[1] He does not specify exactly what the mail was, but very little activity has occurred in the other case. The only orders issued were an order granting him leave to proceed in forma pauperis and an order requiring him to show cause why he had not paid the initial partial filing fee. *See West*, 1:23-CV-177-HAB-SLC. The only filings to date were Mr. West's complaint and his response to the show cause order. None of these filings are sealed or confidential.

4

mistake in copying the mail, which was later addressed. This type of isolated disruption to his mail does not give rise to a First Amendment claim. *Rowe*, 196 F.3d at 782.

He also alleges unlawful retaliation by Sergeant Shepherd. To state a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). Filing a grievance or lawsuit qualifies as "protected activity" for purposes of a First Amendment claim. *Holleman v. Zatecky*, 951 F.3d 873, 879 (7th Cir. 2020). Mr. West claims that he engaged in these activities. He further claims that Sergeant Shepherd was angry about his grievances, intercepted one of them and came to confront him about it, using curse words and making a veiled threat against him. He understood Sergeant Shepherd to be telling him that he was reading his mail and would "make [his] time hard" if he filed more grievances or lawsuits. Giving him the inferences to which he is entitled at this stage, such action could "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). He will be permitted to proceed on a retaliation claim against Sergeant Shepherd.

His remaining claim pertains to the fact that he was housed with Mr. Schaefer in the segregation unit. The "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). A pretrial detainee states a

5

Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54. In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause." *Miranda*, 900 F.3d at 353. Thus, allegations of negligence, even gross negligence, do not suffice. *Id.*

The court cannot plausibly infer from Mr. West's allegations that Commander Martin acted in an objectively unreasonable fashion by housing him with Mr. Schaefer for a brief period. There is no indication they were placed together to cause Mr. West harm; rather, Mr. West makes clear that Mr. Schaefer was sent to segregation after committing a disciplinary infraction. There is also no indication Commander Martin knew Mr. Schaefer posed a threat to Mr. West. If anything, it appears Mr. West was the one who was angry with Mr. Schaefer. He also does not allege that he suffered any physical injury as a result of the cell assignment, and the fact that he found the situation uncomfortable is not enough to state a claim.[2] 42 U.S.C. § 1997e ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"); *Bolden v. Mezo*, No. 22-1571, 2023 WL 4488861, at *2 (7th Cir. July 12, 2023) ("An injury is necessary for a constitutional tort under § 1983.").

---

[2] To the extent he is trying to assert claims on behalf of other inmates who were dissatisfied with their cell assignments, he has no standing to do so. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Cameron Shepherd in his individual capacity for monetary damages for threatening him in an effort to deter his First Amendment activities;

(2) DISMISSES all other claims;

(3) DISMISSES Sean Martin and Lance Gaerte as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Cameron Shepherd at the Whitley County Jail and to send him a copy of this order and the amended complaint (ECF 11) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Whitley County Jail to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Sergeant Cameron Shepherd to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 16, 2023.

s/Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT