UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW JOSEPH WEST, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-190-HAB-SLC |
| CAMERON SHEPHERD, | |
| Defendant. | |

OPINION AND ORDER

Andrew Joseph West, a prisoner without a lawyer, is proceeding in this case "against Sergeant Cameron Shepherd in his individual capacity for monetary damages for threatening him in an effort to deter his First Amendment activities[.]" ECF 12 at 7. Sgt. Shepherd filed a motion for summary judgment, arguing West did not exhaust his administrative remedies before filing this lawsuit. ECF 20. West filed a response, and Sgt. Shepherd filed a reply. ECF 27, 28. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v.*

*Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citing *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

Sgt. Shepherd provides an affidavit from the Jail Commander at the Whitley County Jail, who attests to the following facts: At all relevant times, a grievance process was in place at the Whitley County Jail. ECF 20-1 at 1-2. The grievance process consists of four steps. First, the inmate must attempt to resolve his grievance with the duty officer. *Id.* at 2, 39. Second, the inmate must submit a written grievance to the Jail

2

Supervisor. *Id.* at 2, 39-40. Third, if the inmate is not able to successfully resolve his grievance with the Jail Supervisor, he must submit a written grievance to the Jail Commander. *Id.* at 2, 40. Fourth, if the inmate is dissatisfied with the decision of the Jail Commander, he must file a written appeal with the Sheriff who will render a final decision on the grievance. *Id.* West's grievance records show he completed the first three steps by submitting written grievances to the Jail Commander, but did not complete the final step by appealing the Jail Commander's response to the Sheriff. *Id.* at 3.

West provides his grievance records, which show the following: On May 2, 2023, West submitted a grievance complaining that Officer Gaerte violated the jail's legal mail policy by making copies of his legal mail outside of his presence. ECF 27-1 at 1. That same day, Sgt. Shepherd issued a response to this grievance that the issue had been addressed with Officer Gaerte. *Id.* Later that day, West submitted two new grievances complaining Sgt. Shepherd had threatened him due to his previous grievance. *Id.* at 2-3. On May 5, 2023, the Jail Commander responded to both of these grievances that "what was done was done" and the situation had been addressed with Sgt. Shepherd. *Id.* There is no evidence West appealed the Jail Commander's response to the Sheriff, which was a necessary step to exhaust the grievance. *Id.* On September 17, 2023, West submitted a new grievance to the Sheriff complaining the Jail Commander threatened him after he filed a grievance on September 7. *Id.* at 4.

Sgt. Shepherd argues West didn't exhaust his administrative remedies before filing this lawsuit because he never appealed the Jail Commander's response to his May

3

2 grievances to the Sheriff. ECF 21 at 3, 6. In his response, West concedes he never fully exhausted any grievance. ECF 27. The court therefore accepts that as undisputed. Instead, West argues his administrative remedies were unavailable for three reasons.

First, West argues his administrative remedies were unavailable because he submitted a grievance to the Sheriff on September 17, 2023, and never received any response from the Sheriff. ECF 27 at 1. But this grievance is not relevant to the exhaustion analysis because West submitted it *after* he filed his amended complaint in this lawsuit. *See Perez*, 182 F.3d at 535 ("a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment"); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and exhaust his administrative remedies later). Moreover, this grievance complained of conduct by the Jail Commander, and did not mention any conduct by Sgt. Shepherd.

Second, West argues more generally that the grievance process was unavailable because he received "no responses at all to some grievances." ECF 27 at 1-2. But this vague assertion is insufficient to show a genuine dispute of fact. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts

4

are not enough") (quotation marks, brackets, and citation omitted). Specifically, West does not argue or provide any evidence disputing the Jail Commander's attestation that West received responses to his May 2 grievances and did not appeal those responses to the Sheriff.

Lastly, West argues the jail violated the grievance procedure because the wrong parties responded to his grievances. ECF 27 at 1. Specifically, he argues Sgt. Shepherd rather than the duty officer responded to his first May 2 grievance, and the Jail Commander rather than Sgt. Shepherd responded to his second May 2 grievance. But there is no evidence this violated the terms of the grievance process and, regardless, there is no evidence it prevented West from appealing the responses he received to these grievances.

Accordingly, Sgt. Shepherd has provided undisputed evidence West didn't fully exhaust any relevant grievance, as he never appealed the Jail Commander's response to his May 2 grievances to the Sheriff. In his response, West provides no evidence he fully exhausted any relevant grievance or his administrative remedies were in any way unavailable. Therefore, Sgt. Shepherd has met his burden to show West didn't exhaust his available administrative remedies before filing this lawsuit.

For these reasons, the court:

(1) GRANTS Sgt. Shepherd's summary judgment motion (ECF 20); and

5

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Shepherd and against Andrew Joseph West and to close this case.

SO ORDERED on June 13, 2024.

                                               s/Holly A. Brady
                                               CHIEF JUDGE
                                               UNITED STATES DISTRICT COURT